■ In the Matter of WILLIS AVENUE BRIDGE REPLACEMENT. WASTE MANAGEMENT OF NEW YORK, LLC, et. al., Respondents; CITY OF NEW YORK, Appellant. [914 NYS2d 60]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered August 26, 2009, which in this eminent domain proceeding, granted claimants Waste Management of New York, LLC and USA Waste Services of NYC, Inc.'s (collectively referred to herein as Waste Management) motion to direct the condemnor City of New York to issue Waste Management an advance payment in the amount of $925,000 plus interest and denied the City's cross motion for, inter alia, an order directing coclaimant, Harlem River Yard Ventures, Inc. to pay to Waste Management that portion of an advance payment made by the City to Harlem River, that Harlem River is allegedly obligated to pay Waste Management under Harlem River's sublease with Waste Management, unanimously affirmed, without costs.

This proceeding arises out of the Willis Avenue Bridge Replacement Project. In 1991, pursuant to a 99-year written lease, Harlem River leased a portion of lot 62 from the State of New York. In 1997, Harlem River subleased a portion of the property to Waste Management. By vesting order entered on or about March 27, 2007, title to the 10 damage parcels in lot 62 relevant to this proceeding vested in the City. By notice of condemnation advance payment or award dated June 13, 2007, the City notified Harlem River that there was available to it an

advance payment in the amount of $1,448,000 plus interest for damage parcels 1, 1A, 1B, 3, 3A and 3B in lot 62. It is undisputed that Harlem River accepted and received this payment. By notice of condemnation advance payment or award, also dated June 13, 2007, the City notified Waste Management that there was available to it an advance payment in the amount of $925,000 plus interest for damage parcels 2, 4, 4A and 4B in lot 62. Prior to Waste Management receiving this payment, on or about September 19, 2009, the City notified Waste Management that the advance payment for damage parcels 2, 4, 4A and 4B was erroneously authorized to Waste Management and should have been authorized to Harlem River, as owner/landlord, subject to Waste Management's interests as sublessee.

Consequently, Waste Management moved in Supreme Court for an order directing the City to remit the advance payment in the amount of $925,000 plus interest to Waste Management. The City cross-moved for an order, inter alia, directing Harlem River to pay to Waste Management that portion of the advance payment which Harlem River is obligated to pay to Waste Management under their sublease agreement.

The City cites no legal authority in support of its claim that a single advance payment must be made to the owner/landlord and that an advance payment cannot be made directly to a subtenant to compensate it for its leasehold interest. Moreover, the lease agreement between Harlem River and Waste Management does not preclude an advance payment award being made directly to Waste Management. Rather, the lease merely sets forth how a condemnation award is to be allocated between the parties, and directs that if the parties cannot agree on the allocation, that either party may request the court to determine as between them, the division of the compensation.

The City's reliance upon *Great Atl. & Pac. Tea Co. v State of New York* (22 NY2d 75 [1968]) is misplaced. There, the Court set forth the proper method for assessing damages where there are two or more interests or estates in a condemned parcel. First, the damage to the fee as if it were unencumbered is to be ascertained and then that amount is to be apportioned among all of the estates and interests which are held in the property. Thus, according to *Great Atlantic*, if the City had made a single advance payment to Harlem River for all 10 of the damage parcels, including those subject to Waste Management's sublease, it would then have been incumbent upon Harlem River to allocate the award pursuant to the parties' lease agreement, and, in the event of a dispute, either party could have brought the matter before the court for a determination. *Great Atlantic*

does not specifically address the issue raised here, to wit, the propriety of the City issuing a separate advance payment directly to a subtenant to compensate for the loss of its leasehold interest on damage parcels not otherwise compensated for by the City in a prior advance payment award made to the landlord.

Moreover, the City's reliance on *Great Atlantic*, in support of its initial contention that Waste Management's compensation for its leasehold should have come from the advance payment paid to Harlem River, is also misplaced. The advance payment award to Harlem River was to compensate it for damage parcels 1, 1A, 1B, 3, 3A and 3B. That would leave damage parcels 2, 4, 4A and 4B uncompensated. Apparently, the City recognized this error by authorizing a supplemental advance payment to Harlem River, subject to Waste Management's interests. The supplemental advance payment award, however, fails to comply with Eminent Domain Procedure Law § 303, in that it does not itemize the amounts attributable to the respective parcels.

Accordingly, the motion court properly directed the City to reissue the advance payment award to Waste Management in the amount of $925,000 plus interest to compensate it for its leasehold interest in parcels 2, 4, 4A and 4B.

We have considered the City's remaining arguments and find them without merit. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.